IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD MESSINA,

    Plaintiff,

v.

STATE POLICE TROOPER
ALAN CARMICHAEL, ET AL.,

    Defendants.

05cv1492
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

**November 2, 2005**

    Before the Court is *pro se* plaintiff Donald Messina's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and his complaint alleging that "there was no Miranda rights given to me on" August 19, 2004, the day of his arrest in Clarion Pennsylvania by Pennsylvania state troopers, and that he was denied a fair trial on April 28, 2005, by the Assistant District Attorney and the judge or district justice who heard his case. Plaintiff is incarcerated at the State Correctional Institute in Dallas, Pennsylvania on a sentence of six to twelve years imprisonment.

    This Court is required to review plaintiff's complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* ("IFP"), *i.e.*, without prepayment of costs. Section 1915(e) (as

1

amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Legally frivolous complaints include:  1) those based upon an indisputably meritless legal theory; and 2) those with factual contentions that are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).[1]  A plaintiff fails to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  A plaintiff must allege specific facts supporting his claims to withstand dismissal under 28 U.S.C. § 1915(e) for failure to state a claim.  Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir.  1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).  Although the Court construes IFP complaints liberally, particularly in the context of dismissal on the basis of frivolousness, the Court is bound by the allegations of the complaint.

Plaintiff is considered a "prisoner" as that term is defined under the PLRA and the Court will grant leave to proceed *in forma pauperis* in this action.  Thus the Court reviews his allegations in accordance with the directives provided in 28 U.S.C. § 1915(e), and finds his complaint to be legally frivolous.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that

---

1  *See also* Denton v. Hernandez, 504 U.S. 25 (1992) (an IFP complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact); Deutsch v. United States, 67 F.3d 1080 (3d Cir. 1995) (court may dismiss *in forma pauperis* claim as "frivolous" if it determines that the claim is:  (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial).

where success in a prisoner's section 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.  Plaintiff's action requesting the Court to "award judgment" impugns the validity of his recent underlying conviction, because the alleged Miranda violations and denial of his right to a fair trial in April of this year are matters that can and must be addressed through the appellate and habeas processes in the first instance.  A civil rights action raising these claims cannot be maintained unless plaintiff's conviction is reversed on direct appeal or impaired by collateral proceedings.

      Accordingly, plaintiff's complaint will be dismissed.

      s/ Arthur J. Schwab
      Arthur J. Schwab
      United States District Judge

cc:
Donald Messina
GG-0082
SCI Dallas
1000 Follies Road
Dallas, PA 18612-0286